UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>PHILLIP MOORE and MATTHEW BERNSTEIN,<br><br>  Defendants. | 5:21-CR-50148-JLV<br><br>ORDER DENYING MOTION TO COMPEL (DOC. 58) AND MOTION FOR JOINDER (DOC. 59) |

Defendant, Phillip Moore, filed a motion to compel the government to turn over certain discovery. (Doc. 58). Defendant, Matthew Bernstein, filed a motion for joinder to the motion to compel. (Doc. 59). The pending motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Judge Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

## DISCUSSION

District of South Dakota Criminal Local Rule 47.1(A) states that "[b]efore filing a discovery motion, the certification required under D.S.D. Crim. LR 16.1 must be met." Local Rule 16.1 states "[a] party filing a motion concerning a discovery dispute must file a separate certification describing the good faith efforts of the parties to resolve the dispute."

"[T]he application of local rules is a matter peculiarly within the district court's province." Chrysler Credit Corp. v. Cathey, 977 F.2d 447, 449 (8th Cir.

1992) (internal quotations omitted); Reasonover v. St. Louis Cnty., 447 F.3d 569, 579 (8th Cir. 2006) ("District courts have broad discretion to . . . enforce local rules."). A movant's failure to comply with the meet and confer requirement may dictate denial of his motion. United States v. Wicks, No. 11-CV-5027-JLV, 2012 WL 1576000, at *2 (D.S.D. May 3, 2012) (analyzing D.S.D. Civ. LR 37.1, which, like Crim. LR 16.1, requires parties to "file a separate certification describing the good faith efforts of the parties to resolve the dispute."). The goal of these requirements is to make sure that discovery motions are not brought before the court that the parties could have resolved informally between themselves. Id.

Mr. Moore's motion does not provide any description of efforts made by either party to resolve the dispute, nor did Mr. Moore file a separate certification describing his efforts to meet and confer with the Assistant United States Attorney regarding the request set forth in his motion. Simply informing the court of the existence of a discovery request that has been unanswered falls short of the requirements of D.S.D. Crim. LR 47.1(A) and 16.1.

Likewise, Mr. Bernstein's motion does not provide any description of efforts made to resolve the dispute or a separate certification describing efforts to meet and confer regarding the discovery request.

Defendants therefore have failed to comply with Local Rules 47.1(A) and 16.1. Accordingly, it is

ORDERED that Defendant Phillip Moore's motion to compel discovery (Doc. 58) and Defendant Matthew Bernstein's motion for joinder (Doc. 59) are denied without prejudice.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.

DATED this 31st day of March, 2022.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge